UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES M. NIELSEN, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-02239-B |
| | § | |
| ALCON, INC. and ALCON | § | |
| LABORATORIES, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendants Alcon, Inc., and Alcon Laboratories, Inc. ("Alcon") to bifurcate the issues of liability and damages (doc. 44). Upon consideration, the Court concludes that this case should be resolved in a single trial by a single jury and **DENIES** the motion (doc. 44).

I.      Background

Plaintiff, James M. Nielsen, M.D. is an ophthalmologist and the owner of a patent for a multifocal intraocular lens, United States Patent No. 5,158,572 (the "'572 Patent"). (doc. 1). He filed this suit on December 18, 2008, alleging that Alcon infringes the '572 Patent by selling its ReSTOR® line of intraocular lenses ("IOLs").

This case is set for trial on the Court's four-week docket beginning August 9, 2010. (docs. 13, 56). Both fact and expert discovery will close on March 26, 2010. (doc. 56). The parties agreed to be bound by the claim construction set forth by Judge Lindsay of this Court in a previous action involving the same patent. (doc. 31). Defendants move pursuant to Federal Rule of Civil Procedure 42(b) for an order bifurcating both discovery and trial on the issues of liability and damages. (doc.

44).

## II.    Analysis

Rule 42(b) authorizes a court to order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. P. 42(b).  The decision to bifurcate rests within the Court's discretion "as part of its wide discretion in trial management." *Mag Instruments v. J. Baxter Brinkmann, Int'l Corp.*, 123 F.R.D. 543, 544 (N.D. Tex. 1988) (quoting *Gardco Mfg. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987)).  "In patent cases, as in others, separate trials should be the exception, not the rule." *Laitram Corp. v. Hewlett-Packard Co.*, 791 F.Supp. 113, 114 (E.D. La. 1992).  Nevertheless, there are "often special considerations in patent controversies which make these cases candidates for some kind of special trial management." *Id.*, (citing *Swofford v. B & W, Inc.*, 34 F.R.D. 15, 19-20 (S.D. Tex. 1963)). Courts have found bifurcation appropriate where "the issues and evidence surrounding infringement and damages are complicated and potentially confusing to the jury." *Id.*   "Essentially, then, courts must balance the equities in ruling on a motion to bifurcate." *Id.* (quoting *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1433 (D. Del. 1989)).

Alcon argues that allowing separate discovery and trial of the issue of liability may obviate the need for expensive discovery and trial preparation on the issues of damages and its affirmative defenses of laches and failure to mark.  (doc. 44, pp. 7-12).  Alcon further argues that it will bear a disproportionate share of the burden of discovery on those damages-related issues.  (*Id*. at p. 13). It contends that the evidence required to litigate the issues of liability, including infringement and validity, does not relate to or overlap with the evidence or testimony required to litigate damages-related issues.  (*Id*. at p. 6).  Alcon argues that the complexity of the damages-related issues creates a risk of jury confusion.  (*Id*.).

Dr. Nielsen responds that his case is straightforward, asserting only one patent claim against a single product line sold by related defendants. (doc. 47, p. 3). He argues that the damages-related discovery is limited to single product line and is readily available. (*Id.* at p. 11). Dr. Nielsen, who is the primary fact witness on issues related to both infringement and damages, argues that bifurcation would increase the cost and length of the litigation to his prejudice. (*Id.* at p. 7).

The Court concludes that the extenuating circumstances that have justified bifurcation in other patent cases are not present in this case. This case is a relatively simple, involving only one patent and one accused product line. Discovery has progressed on a single track in this case and is set to close shortly. Financial discovery has been previously compelled (doc. 51), and though bifurcation could result in some savings, it would certainly result in delay. While the damages issues related to the calculation of a reasonable royalty necessarily involve complexity, Defendants have not shown that the damages-related issues in this case present any greater risk of jury confusion than typically arises in patent cases. Any potential confusion may be mitigated by trial management less severe than bifurcation. *See, e.g., Laitram*, 791 F. Supp. at 117-118 (ordering trial to proceed in phases).

Accordingly, Defendants motion (doc. 44) is **DENIED**. Discovery and trial will proceed on all issues in accordance with the Scheduling Order, as amended by the Court.

**SO ORDERED**

SIGNED: March 22, 2010

_____

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE